**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARL MORTENSEN,

    Plaintiff,

v.                                                                                  Case No:   3:14-cv-203-J-32JRK

OMNI HOTELS MANAGEMENT
CORPORATION,

    Defendant.

## O R D E R

At issue is whether this Court has diversity jurisdiction. Specifically, the parties disagree about whether the amount in controversy exceeds $75,000. Plaintiff has filed a Motion to Remand (Doc. 6), which Defendant opposed (Doc. 7).

**I.   FACTS**

On June 28, 2013, Carl Mortensen allegedly tripped and fell at the Verandah Restaurant, suffering serious bodily injury. (Doc. 3 at 2). The complaint seeks to hold Omni liable for premises liability in conjunction with this accident. (Doc. 3 at 2). The complaint states that this suit is for damages exceeding $15,000. (Doc. 3 at 1). Plaintiff seeks damages for bodily injury, "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and medical and nursing care and treatment and aggravation of a previously existing condition." (Doc. 3 at 4). The Complaint alleges that these losses "are either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. 3 at 4).

A pre-suit settlement letter from Plaintiff to Defendant indicates that Mortensen suffered right wrist injuries, necessitating two surgeries[1] with medical bills totaling $19,554.03. (Doc. 6-1). Mortensen offered to settle for $250,000. (Doc. 6-1 at 2). After that offer was declined, Mortensen filed a complaint in state court, and served the complaint upon Omni on January 30, 2014. (Doc. 1-1 at 13). Omni removed this case to federal court on February 20, 2014. (Doc. 1). Mortensen thereafter filed his motion to remand to state court (Doc. 6), to which Omni responded (Doc. 7).

## II.   LAW

### A.   Law Governing Removal

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To have original jurisdiction there must be complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Because the parties do not dispute that they are citizens of different states, the only relevant issue is whether the amount in controversy exceeds $75,000. As the party seeking removal, Omni bears the burden of establishing jurisdiction. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount

---

[1] The first surgery was a closed reduction and pinning of the right distal radius. (Doc. 6-1 at 2). In layman's terms, a doctor aligned the bones in the fractured wrist without making an incision, and inserted pins to keep the bones in place. The second surgery was an open reduction and internal fixation using a volar plate and screws. (Doc. 6-1 at 2). In layman's terms, a doctor made an incision, realigned the bones in the fractured wrist, and used a plate and screws to keep the bones in place.

2

in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Because removal jurisdiction raises significant federalism concerns, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

### B. Evidence of the amount in controversy

Omni presents four pieces of evidence that it argues combine to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000: Plaintiff's initial settlement demand letter, the absence of a stipulation that the claim's value is less than $75,000, the allegedly permanent and continuing nature of Mortensen's injuries, and awards in comparable cases. (Doc. 7 at 6-7).

#### 1. Plaintiff's settlement demand letter

A settlement offer can provide some evidence of the amount in controversy. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Settlement offers are entitled to little weight if they reflect puffing and posturing. Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). If, on the other hand, they provide specific information that supports the claim for damages, they are entitled to more weight. Id. Thus, where a demand is thirty-five times greater than the medical expenses incurred, courts assume that the demand is exaggerated and an unreasonable assessment of the value of the claim. Mark v. Wood Haulers, Inc., CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009). Likewise, where a

plaintiff only listed $25,000 in itemized damages, but plaintiff made a demand for $115,000, the settlement offer was likely posturing. Dean v. Sears, Roebuck & Co., CA 13-00487-C, 2014 WL 900723, at *5 (S.D. Ala. Mar. 7, 2014); see also Johnson v. McGhee, 6:13-CV-1314-ORL-37, 2013 WL 5745817, at *1 (M.D. Fla. Oct. 23, 2013) (giving little weight to a demand letter that listed medical bills of over $11,000, but no information about where the rest of the damages claimed were derived from); but see Farley v. Variety Wholesalers, Inc., 5:13-CV-52 CAR, 2013 WL 1748608, at *3 (M.D. Ga. Apr. 23, 2013) (giving a demand letter significant weight where it only listed $13,095.08 of medical expenses, but also detailed the possibility that future surgeries would be necessary).

Here, the settlement letter details two surgeries which have already been performed, as well as the medical expenses involved therein. (Doc. 6-1). From less than $20,000 of medical expenses, the demand then jumps to a request for $250,000. (Doc. 6-1 at 2). There is no indication that the surgeries were unsuccessful, or that further medical care will be necessary. (See Doc. 6-1). Moreover, Mortensen asserts no claims for lost wages. (Doc. 3 at 4). Considering the circumstances, a claim for $250,000 is unsubstantiated and to be taken as mere posturing. As such, it is due little weight in determining whether the amount in controversy exceeds $75,000.[2]

---

[2] In moving to remand, Plaintiff's counsel admits that his partner's demand letter was mere "posturing". (Doc. 6 at 5). If plaintiff's counsel wants to avoid these type of arguments in the future, he could make a more realistic demand.

4

### 2.     The absence of a stipulation

A refusal to stipulate that the case is worth less than $75,000 is not itself sufficient to meet the defendant's burden of proof on the amount in controversy. Williams, 269 F.3d at 1320 (noting that there are several reasons why a plaintiff would refuse to stipulate to a lower amount in controversy). However, a refusal to stipulate can be some evidence that the amount in controversy exceeds $75,000. Jones v. Novartis Pharm. Co., 952 F. Supp. 2d 1277, 1286-87 (N.D. Ala. 2013); Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (giving the absence of a stipulation some weight where the plaintiff gave unclear, equivocal answers to interrogatories to avoid stating the amount in controversy)[3]. Here, Mortensen was not asked to respond to discovery relating to the value of this case, nor did Omni ask Mortensen to stipulate. Thus, the Court will not consider the absence of a stipulation in determining whether the amount in controversy exceeds $75,000.

### 3.     The permanent and continuing nature of the injuries

Omni points to Mortensen's allegation that his losses "are permanent or continuing" as evidence that this case is worth more than $75,000. (Doc. 3 at 4). Where an allegation of permanent injury is unsupported by details of the extent and severity of the injuries and any need for medical treatment, there is not sufficient information to determine that the amount in controversy exceeds $75,000. See Dean, 2014 WL 900723, at *4 (finding that, in the absence of specific facts related to ongoing injuries

---

[3] In Devore, this Court denied a motion to remand where the documented medical expenses alone exceeded $100,000. Devore, 658 F. Supp. 2d at 1380.

and any need for future medical treatment, there was insufficient information for a finding that the amount in controversy requirement was met).

Here, neither the complaint nor the demand letter indicate what permanent or continuing injuries Mortensen might have, nor how severe they might be, nor what, if any, future medical treatment he might require. As such, the mere allegation that his losses are permanent or continuing provides little help in determining the amount in controversy.

### 4. Awards in comparable cases

Evidence of awards in comparable cases can aid a determination that the amount in controversy is met. Simmons v. Washington Mut. Fin., Inc., 8:06CV01613-JDWTBM, 2007 WL 641101, at *1 (M.D. Fla. Feb. 26, 2007). Here, Omni presents verdicts from four cases which it asserts are comparable. (Doc. 7-1). However, none of those cases suggest that the recovery in this case is likely to exceed $75,000.

Moreover, other cases involving surgery on wrist fractures suggest that those cases are not necessarily worth $75,000. See, e.g., Starkey v. Florida Coachman Holdings Ltd., 2012 WL 8946608 (Fla. Cir. Ct. Nov. 8, 2012) (plaintiff received a jury verdict of $69,686, which the judge reduced to $40,550, for plaintiff's damages resulting from a fractured wrist and labral fray which each required surgery); Carol Weissfeld v. City of Sarasota, 2006 WL 3843717 (Fla. Cir. Ct. Dec. 11, 1998) (plaintiff settled for $30,000 after requiring surgery to repair a fractured wrist).

Taken all together, there is not sufficient evidence for this Court to find by a preponderance that the amount in controversy exceeds $75,000.

6

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**. This case is remanded to the Circuit Court of the Fourth Judicial Circuit for Nassau County, Florida. After remand has been effected, the Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of May, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record